The last case for argument is 15-1425, Ruckus Wireless v. Innovative Wireless Solutions. May it please the Court, there is no dispute here that the ordinary meaning of the claim terms communications path and bidirectional communications path are broad enough to encompass There is no express definition provided in the patent, but the ordinary meaning of the term is one starting place for analyzing what the proper claim construction is. No one here, the appellees have never argued that the ordinary meaning of communications path is somehow narrower or limited only to wired or two-wired connections. Rather, what they argue is that based on statements in the specification that constitute disavowal, the claim should be narrowed. And so, starting with that understanding that the ordinary meaning is broad enough to encompass a wireless path, the Court would next look to see whether there is any disavowal in the specification. And here, there is none. There is no clear disavowal of claim scope, either in the specification or in the file history. In particular, there are no expressions of manifest exclusion or restriction, which is what's required by a long line of this Court's case law. The specification is just run through with the term wire in it, and nowhere does it say anything about wireless. That is true, Your Honor, and that's true of numerous cases where this Court has held that even if every embodiment uses the same term or discloses the same feature, that that's not enough to constitute a disavowal or to limit the claims to require that feature. It's only where there is some further language, some statement that the present invention is or includes this feature, or where there's an argument that the prior art is criticized or distinguished on the basis of a feature, or there's some other type of manifest exclusion or restriction. In those cases, the Court has held that the claim term is limited to something narrower than its ordinary meaning. But none of those situations apply here. And in fact, to the contrary, there's a number of indications in the specification that the term communications path is intended to be broader than a two-wire telephone subscriber line. To a wireless? Broad to cover wireless? Yes, Your Honor, to encompass any type of communications path. Why don't you point us to where those statements are? Well, I think there's three primary indications in the specification, Your Honor, that the term communications path is not limited to a two-wire communications path. The first is in the claims themselves. As we've explained in the briefs, many of the claims are drafted in terms of a communications path. Other claims are drafted in terms of a two-wire telephone line. And that strongly suggests and indicates that the patentees intended those terms to have different meanings. And when they intended to claim a two-wire line, they did that. Why didn't they claim wireless? Well, Your Honor, I don't know why they didn't. There's no specific disclosure of wireless in the specification. But under this Court's case law, that's not determinative. The question is whether there's any disavowal. No, but you've got to now show us why we should find wireless within communications path, or rather, communications path includes wireless communications. But as you've noted, and I think you agree, that the specification repeatedly refers to wires. I mean, two-strand, twisted wires, but it doesn't do wireless. What is it about this patent that tells us, instructs us, that we should include wireless communication within communications path? Yes, Your Honor. And you're correct that all the embodiments do talk about particular types of wire connections, particularly two-wire telephone subscriber lines. And that is the preferred embodiment. That's what the inventors were working on in their jobs. But that doesn't circumscribe the scope of their invention. And in particular, there's language in the specification. No, but you've got to give us a reason for us to expand the obvious scope of the invention. So when the specification is instructing us, the claims instruct us, and now you want something that's not in the specification or the claims, show us where do you get that? Well, one place, Your Honor, is that the specification explains that the two-wire telephone line is a typical type of communications path, which strongly indicates that the inventors understood that the term communications path was not limited to a two-wire telephone line, that that was just a typical type of communications path. Similarly, the summary of the invention section discusses a number of different embodiments. And several of those embodiments repeatedly talk about a communications path without limiting it or even referring to a two-wire telephone line. Let me just give you the sites of the two sections I'm talking about. The part where it talks about the communications path and that the two-wire telephone line is typical of a communications path is in column two, line 33 of the patent. It says, the communications path typically being constituted by a telephone line. And then it goes on. It says, a simple form of such a communications path is a serial link comprising modem communications via a conventional two-wire telephone line. So, it refers to that as a simple form of such a communications path. So, both of those sentences in the spec strongly suggest that the inventors are not using those terms synonymously, that a communications path is not the same thing and it's not limited to a two-wire line. And the other sections we're talking about in the summary of the invention starts on column four, line 37 to column five, line 21, where it talks about the invention. It talks about the communications path repeatedly without any reference to limiting it to a two-wire telephone line. And so, that also suggests that the inventors understood that their invention was not limited. So, for example, everything you're saying talks about the reverse, which is why this isn't necessarily a thousand percent being a telephone wire. But nothing you're pointing to gives any indication that we're talking about wires here in the patent, right? That is correct, Your Honor. And I guess it's a question of what's the appropriate doctrinal approach where a patentee uses a broad term, communications path, their embodiments that are disclosed are narrower, but there's no express, disavowal, or exclusion of wireless communication networks. And the case law under a number of cases, such as Thorner and Hill-Rom, say that unless you have an exclusion, you get the ordinary meaning. And, in fact, I'd like to talk a little bit about the Hill-Rom case because the facts here are very similar. Well, let's look at the test. Isn't the test where the person of ordinary skill would recognize that the protocol could also be applied in a wireless context? And so we're looking at this person, right? Skill and art. They're looking at the specification that claims, what is it there that would instruct the artisan that this protocol can be used in a wireless context? What is there is the problem that's being solved is the inability to communicate over particular mediums that are unsuitable for Ethernet or CSMACD type of communications. And that is well known and true of a wireless communications network that is not suitable for Ethernet communications. So the pen resolves the collision protocol with respect to a LAN network spread over a large distance. But that doesn't say anything about a wireless context. Well, that's one example where you have a very long wired connection. That's one situation in which the Ethernet will not work and in which the invention can be used to allow communication over that kind of a medium. But that's not the only kind of medium where that problem arises. The same problem arises with a wireless communications medium where you can't use an Ethernet because And how is the specification, how is the patent enabled of wireless communication, of wireless? Well, Your Honor, we view that as a separate issue. And in fact, that's what a number of cases like, I believe it's Hill-Rom, that issue came up and the court said enablement is a separate question. That's a validity question. And in construing the claims, we do not consider... But you're telling us here, whether it's context of claim construction or whatever context, you're telling us that the specification makes no reference whatsoever to anything about wireless, right? Some of the prior art that's cited in the patent is wireless prior art. So I don't think I would say there's nothing whatsoever. I would say disclosed embodiments do not use a wireless connection, but certainly some of the prior art that's disclosed are wireless prior art. In the case of Hill-Rom, the same issue came up and the same question was asked. Were in the record, even the entire record, not just the patent, is there any connection made to wireless communication? And in Hill-Rom, they were able to point out that references by an expert to infrared communication. And on that basis, the court decided that, well, there is something there with respect to a wireless communication, even though it's an infrared communication. But that's why we're asking you, what is it here that references to a wireless communication so that we have something to hang your hat on? Your Honor, respectfully, I read the Hill-Rom case slightly differently, which is that the in the specification, they relied on the lack of any kind of disavowal or disclaimer in the ordinary meaning. And they did mention that there was a reference to a prior art wireless system, but that was not in the context of any disclosure of any embodiments of the invention. And my reading of that case is that was not a basis for the majority's decision for why data links should be construed to include wireless, even though the only disclosed embodiment in that case used a wired connection. There was no disclosure in that case of using wireless for the invention. And therefore, this case present before the court is very similar in numerous respects to the Hill-Rom case. Was there any dispute below as to whether one of ordinary skill in the art at the pertinent time would have understood communications path at a plain and ordinary meaning level would include wired and wireless? No, there's no dispute about that, Your Honor. The appellee has never contested that, and there was no testimony or evidence to suggest that communications path was somehow narrower or limited to wired connections in its ordinary meaning. And did this case come to us just on the intrinsic record, and therefore we should apply de novo review? That's correct, Your Honor.  preferred embodiment and used that as the basis for its construction. So it is subject to de novo review. Is it fair to say, I mean, I'm just a little confused about it. I mean, you are correct. I understand what you're saying about our case law. If you have a clear, plain meaning, and then you need a disavowal. It seems to me this case may be a little different, because as you said, and you said in your plain meaning. But isn't the plain meaning of communications path this kind of generic term dependent on the context of which it's found? Well, it's really in the context of telecommunications. But even within that context, communications paths include both wired and wireless communications paths. It might include, but it doesn't necessarily include, right? Well, that's correct. But there's nothing in this patent, these patents, that says it does not include wireless. And in fact, as I mentioned, there's a number of indications, including the claims and the dependent claims, which specifically narrow the independent claims that say communications path, and narrow them, and say we're in the communications path, is a two-wire telephone line. So the claims themselves confirm that communications path was intended to have a broader meaning. And not to be limited to a wired connection. Okay. Why don't we go to the other side. Thank you, Your Honor. Thank you. May it please the Court, I'd like to start where your question left off, Chief Judge Frost. Plain and ordinary meaning, with respect to communications path, can be something different depending on the context in which that term is used. And our goal here is not to broaden or limit the claim term, but to consider what does that claim term mean in the context in which it's used. But didn't the District Court conclude, I mean, I was a little unclear on what he said, because he did cite the plain and ordinary meaning in sort of the generic paragraph about the case law. He does, and he starts with the plain and ordinary meaning, and then quickly goes to the analysis of whether disavowal or lexicography applies here. And he eventually gets to the conclusion that we have a case of disavowal. And that finding is well supported by the specification here. I'd like to direct your attention to... Can you first, before you get there, talk about the final point your friend made, which was the kind of claim differentiation argument that the other claims specifically call out and therefore we should construe this particular claim more broadly. Sure. With respect to the claim differentiation argument, they make a number of claims directed at a series of dependent claims. And with respect to each of those dependent claims, there's more at issue than the fact that you're simply adding the limitation that the communication path is a two-wired path. Yeah, but isn't our principles of statutory construction and construing claims that if you call it out and differentiate it in one context, the suggestion is that the use of the term in the other context is broader? First of all, there is a presumption of claim differentiation, but that presumption can be overcome whenever the specification is sufficiently clear to support the construction that is used by the court, number one. And then number two, when we look at the court's actual construction, it uses the term twisted pair wiring. And if you turn to the patent specification, the inventors here at column nine at lines 45 through 51 draw a distinction between a telephone subscriber line, which they use somewhat interchangeably in the patent with a two-wire line, and twisted pair wiring. And they say that basically the line 12, which is the wired line here, is a telephone subscriber line in accordance with this new protocol, but it would be understood that the protocol can be used via any twisted pair wiring, which is too long to permit conventional 10-base T or similar LAN interconnections. The idea here is that they're starting with a concept that it's a two-wired telephone subscriber line, but actually then stepping back and saying, but it actually would apply to any twisted pair wiring. And earlier we heard Mr. Baker talk about some other... Was that part of the claim construction that we challenged below? I mean, that was part of the construction. That is the basis for Judge Yackel's construction. Too long to permit conventional 10-base T or similar LAN interconnections? Yes, Your Honor. But that part wasn't challenged. It's not before us on appeal, correct? It's not really directed. I guess what they're challenging is whether we should be using a plain and ordinary meaning without any further guidance, or should we be using Judge Yackel's construction here? I'm asking because I wonder what does that part of the claim construction do if we were to find in favor of the appellant and in reverse, and I wonder how that would affect the infringement issue. Sure. The stipulation of non-infringement here focuses on that aspect when it refers to the fact of 802.11 Wi-Fi. That's what they're accusing. They're accusing 802.11 Wi-Fi, and 802.11 Wi-Fi uses a wireless communication technology over short ranges. It's exactly within the range of 100 meters or less that is used by Ethernet wired LANs that the patent is trying to get around. The problem is you can't use these wired connections over longer distances because you can't detect when there's collisions. So they developed a new technology based on collision avoidance where one modem controls the other modem. If your question is can you affirm based on affirming the court's construction that includes the long distance aspect of the claim limitation, I would say yes you can based on the fact that the stipulation itself refers to the fact that they're accusing this short distance wireless technology that is not intended for long distances. I think that answers your question. The district court went on, though, using that part of the specification to say we're not limited to telephone subscriber lines. We also broaden it out a little bit to these two wire lines. But then he went on to say, at least as I read it, and therefore we don't reach wireless. Did he make that last leap? And if so, how is that consistent with this court's precedent? What he does is he confirms that the wired transmission medium is a core feature of this technology. He does that on page 820 of the appendix. He says the repeated reference to two wire lines and telephone lines emphasizes that the inventor was focused on this transmission medium as the core of the new technology. Is that a case law from this court, though, that what a core feature is or what an inventor is focused on doesn't limit the scope of the claim? Well, actually, I would disagree with that, Your Honor, respectfully. When we look even at the case of Hill-Rom, which is relied on by the appellant here, the court there says there is no magic words, and we looked at the specification to figure out whether the subject limitation is important, is necessary, is essential, and it cites a whole series of cases that stand for that proposition. Where does this patent say that wires are necessary or essential to this invention? At column 4, lines 8 to 10, it states advantageously the communication path comprises two wire telephone subscriber line and the modems communicating along that line. Whether you want to call that lexicography, you want to call it a discerval, it makes clear that what we're talking about here is a communication path that is wired. And then if we take a step back and look at column 1, lines 6 to 10, it's the introductory paragraph of this entire patent. It says this invention relates to information network and access comma and is particularly concerned with, it then describes the modems communicating, and I quote, via two wire lines such as telephone subscriber lines. Those two instances in the specification make clear that what we're talking about here is a patent invention where the two wire subscriber line is a core feature and then it almost definitionally identifies that the communication path is a two wire telephone subscriber line. By comparison, the appellants are relying on some other sections of the specification, particularly in column 2 that they referred to a little while ago about communication path typically being constituted by a telephone line. That paragraph is describing the prior art and what type of wired lines were being used to connect these networks. It starts with a discussion of those wired lines typically being telephone lines. There's no suggestion that that somehow opens up the communication path to a wireless embodiment. It then immediately follows with the next excerpt that they rely on and says a simple form of such a communication path referring to the telephone line that was just mentioned in the sentence immediately before that is a serial link comprising modem communications via conventional two wire telephone line. So it's saying this is what we typically use, but what else could be used? It then describes other prior art references, all of which are wired. It describes using different protocols, point to point protocol and serial link internet protocol along a telephone wire. It refers to ISDN telephone lines. That's at column 2, lines 62 to 65. It then goes on to describe coax cables and hybrid fiber coax cables at column 3, lines 17 to 19. So again, the sole focus of this is on the various wired lines that existed and how they're going to select from one of those lines to use their ethernet frame collision avoidance protocol that was designed for this wireless implementation. All of that may be true, but where in your recitation or where in these patents are the words or expressions of restriction or manifest exclusion? And I don't believe that's the current status of the case law. In Hill-Rom, the court said there need not be magic words. That's exactly what the appellants are arguing is look, you've got to have these words of exclusion. To have a disavowal, you don't need to rise to the level of words of exclusion if you make sufficiently clear that the limitation at issue is essential, important or necessary to the claimed invention. And you get that from Hill-Rom? Yes. Whether you look at Hill-Rom or you look at Edward Life Sciences, before that, the courts say we are going to focus on what aspects of the invention are described as important, as necessary, as essential. And then we need to look at the claims and make sure the scope of the claims is aligned with the scope of the specification. Do you find in these patents any disparagement of its use with wireless technology? There is no express disparagement. What there is is a clear indication that this protocol that they came up with, which is the other core element of their technology, was designed for use with a wired line. There is all kinds of discussion in the patent, starting in the very first column, just south of line 45, 46. It's talking about the open systems interconnection and describes the various layers of communication going down to the physical layer at layer 1. And then it explains why, in a wired context, because of propagation delays, we can only use the Ethernet technology to permit communication less than 100 meters, typically, and that we need to figure out a way to permit that communication over longer distances using these wired lines. And then it describes the protocol that they have come up with where, because they have a point-to-point communication protocol, they allow one modem to have absolute control over the other modem. Again, this is all designed around the wired line, which is one of the core technologies at issue here. Unless your honors have other questions. Do you agree that the standard of review is de novo and that this is based on only intrinsic evidence? We do. With respect to this particular term, the court did not focus on extrinsic evidence. Thank you. I'd like to respond to the arguments of counsel, generally in the same order that they were raised. Your Honor, you first asked about claim differentiation. Counsel argued that there's more distinctions, and therefore, claim differentiation doesn't apply. But at least with respect to claims 6, 21, and 27 of the 473 patent, that's the only difference. Those claims say we're in the communications path, it's a two-wire telephone line. If that were already part of the meaning of communications path, those claims would be entirely superfluous. Judge Reyna, you asked about whether the district court's construction is on appeal here, and it is. We have challenged the entirety of the district court's construction. We've explained why it improperly limits it to a particular preferred embodiment, and we believe that the term should be construed according to its ordinary meaning. In fact, in this case, it doesn't need any affirmative or explicit construction. Your brief only addresses, though, doesn't it? I mean, in your argument here before us, it's only limited to communications path, and not the remainder of the construction. Well, it's the entirety of it that we've challenged in our briefs. I'm focusing today on the argument as to why the two-wire part of it is wrong. But certainly, the rest of it, I think, is clearly wrong, the part about too long to allow. I brought it up because I'm having a hard time seeing how, if you win today, that you'll win tomorrow on infringement, if you haven't challenged the entire claim, claim construction. Okay. Well, I believe we have challenged the entire claim construction, and since it's not clear in our brief, I would like to make that clear now that we are challenging the entirety of the construction. I did also want to respond to counsel's argument that the district court concluded that the wired implementation is a core feature. There is no statement, as your Honor pointed out, there is no statement that wired is important, necessary, or essential. And Hill-Rom, contrary to what counsel is saying, Hill-Rom says, absent some language in the specification suggesting that the wired connection is important, essential, and necessary with the present invention, there is no basis to narrow the plain and ordinary meaning of the term data link to one type of data link. One last point. Counsel pointed to a couple of sentences from the specification, one talking about advantageously, one talking about the term particularly, and then talking about the wired connection. Both of those are just talking about the preferred embodiment. Advantageously just means preferentially preferred. That's the preferred embodiment is a two-wire connection. And particularly just means especially. They're especially concerned with two-wire lines because that's their preferred embodiment. That's not the scope of communications path. Thank you. We thank both counsel for the cases submitted. That concludes our statements for this morning. All rise.